887 F.2d 1078
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Oscar COMBS, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAMS; Eastern
Associated Coal Corporation, Respondents.
 No. 88-1151.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Aug. 10, 1989.
Decided: Oct. 6, 1989.
Rehearing Granted Jan. 2, 1990.
 
 D. Grove Moler (Moler & Staton), for petitioner.
 Donald Steven Shire, Ronald Gene Ray, Sr., Michael John Denney (United States Department of Labor), for respondent Director, Office of Workers Compensation Programs.
 Mark Elliott Solomons (Arter & Hadden), for respondent Eastern Associated Coal Corporation.
 Before DONALD RUSSELL, WILKINSON and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Oscar Combs appeals the Benefits Review Board's affirmance of the administrative law judge's denial of black lung benefits pursuant to the provisions of Title IV of the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. Sec. 901 et seq. (the Act).
 
 
 2
 Because Combs filed his claim on May 6, 1980, and because the administrative law judge (ALJ) found over fifteen years of coal mine employment, Combs is entitled to the presumption in 20 C.F.R. Sec. 718.305 that he is totally disabled due to pneumoconiosis if there is evidence which demonstrates the existence of a totally disabling respiratory or pulmonary impairment.[1]
 
 
 3
 Although we agree with the ALJ that Combs failed to establish total disability under Sec. 718.204(c)(1), (c)(2), or (c)(3), we hold that Dr. Newman's finding that Combs was forced to quit his coal mine employment due, at least in part, to shortness of breath, and his finding of disability for the past two years, together with his diagnosis of pneumoconiosis, pulmonary fibrosis, and pulmonary emphysema, are sufficient to support invocation of the presumption under Secs. 718.305 and 718.204(c)(4).[2] We have held that pneumoconiosis contracted during coal mine employment must be a causative factor in the miner's total disability, but it need not be the exclusive causative factor rendering the claimant totally disabled in order to be compensable under the Act. Bethlehem Mines Corp. v. Massey, 736 F.2d 120 (4th Cir.1984). Although Massey involved Part 727, it is equally applicable to this case arising under Part 718. Under both parts the definition of pneumoconiosis is generally the same, see Secs. 718.201, 727.202, invocation of the presumption is similar, see Secs. 718.305(a), 727.203(a)(4), and rebuttal may be established in the same manner. See Secs. 718.305(d), 727.203(b)(3).[3]
 
 
 4
 Accordingly, we grant Combs' motion for in forma pauperis status, reverse the ALJ's findings on this issue, and remand for a determination of whether Eastern Associated Coal Corporation established rebuttal under Sec. 718.305(d). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 REVERSED AND REMANDED.
 
 
 
 [1]
 Section 718.305(a) reads in part:
 If a miner was employed for fifteen years or more in one or more underground coal mines, and if there is a chest x-ray submitted in connection with such miner's or his or her survivor's claim and it is interpreted as negative with respect to the requirements of Sec. 718.304, and if other evidence demonstrates the existence of a totally disabling respiratory or pulmonary impairment, then there shall be a rebuttable presumption that such miner is totally disabled due to pneumoconiosis, that such miner's death was due to pneumoconiosis, or that at the time of death such miner was totally disabled by pneumoconiosis.
 Section 718.305(c) reads: "The determination of the existence of a totally disabling respiratory or pulmonary impairment, for purposes of applying the presumption described in this section, shall be made in accordance with Sec. 718.204."
 
 
 [2]
 Section 718.204(c)(4) states:
 where total disability cannot be established under paragraphs (c)(1), (c)(2) or (c)(3) of this section, or where pulmonary function tests and/or blood gas studies are medically contraindicated, total disability may nevertheless be found if a physician exercising reasoned medical judgment, based on medically acceptable clinical and laboratory diagnostic techniques, concludes that a miner's respiratory or pulmonary condition prevents or prevented the miner from engaging in his usual coal mine employment or comparable and gainful employment.
 
 
 [3]
 We recognize that the Board has held that, under Part 718, a miner's pneumoconiosis must be totally disabling, independent of other causes, in order to establish entitlement to benefits. Wilburn v. Director, OWCP, 11 BLR 1-135, 1-137 (1988). However, as we observed in Massey, we are not bound to give special deference to the Board's rulings on issues of law. Massey, 736 F.2d at 123 n. 1